UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>             Plaintiff,<br><br>       v.<br><br>A. REILLY, et al.,<br><br>             Defendants. | No.  2:20-cv-1709 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

   I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted declarations that make the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 8, 9, 12.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, Plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to Plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges Defendants Reilly, Hood, Phillips, Dina, and Gonzales violated Plaintiff's rights under the First, Eighth, and Fourteenth Amendments while Plaintiff was in custody at CSP-Sacramento. ECF No. 1. Specifically, Plaintiff alleges that on December 26, 2019, Defendants Reilly, Hood, Phillips, and Gonzales threatened to beat up him because he liked "gassing officers." Id. at 9. Hood returned thirty minutes later and dumped Plaintiff's lunch on the ground and spit on it. Id. at 9. One hour later, Reilly came to Plaintiff's cell to administer Keyhea medication,[1] told plaintiff that "no one's going to hurt you . . . even though you need a good ass kicking," and placed him in handcuffs and leg irons. Id. When Plaintiff exited his cell, even though he was fully restrained, Reilly, Hood, Phillips, and Gonzales slammed him against the wall to administer the medication, which caused Plaintiff's nose to bleed. Id. at 9-10. After the medication was administered, Plaintiff was escorted down the hall to a blind spot, during which time Reilly body slammed him on the ground, causing his front tooth to fall out. Id. at 10-11. After he was on the ground, Reilly and Hood punched Plaintiff multiple times in his face and

---

[1] See Keyhea v. Rushen, 178 Cal. App. 3d 526, 542 (1986) (authorizing involuntary administration of psychotropic medications to prisoners pursuant to appropriate procedural protections)

3

back while Gonzales and Phillips kicked him in his back, hip, and face. Id. at 10.

After the assault, Defendant Dina, a registered nurse, conspired with the other defendants to cover up the assault by intentionally falsifying documentation of Plaintiff's injuries, saying he suffered only superficial injuries, even though he was left in a puddle of his own blood with a black eye and noticeable bruises on his head and face. Id. at 11-12, 16. Reilly, Hood, Phillips, and Gonzales then placed Plaintiff in a dirty holding cell for three hours with no clothing, toilet paper, or water, and Plaintiff was covered in dried up urine and feces before he was taken back to his unit. Id. at 11, 15. Reilly later issued Plaintiff a Rules Violation Report ("RVR") in which he lied and claimed that Plaintiff attempted to head butt him. Id. at 14.

IV.   Claims for Which a Response Will Be Required

Plaintiff's allegations are sufficient to state a claim for excessive force against Defendants Reilly, Hood, Phillips, and Gonzales. Hudson v. McMillian, 503 U.S. 1, 7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)).

V.   Failure to State a Claim

A.   Conditions of Confinement

"[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson, 503 U.S. at 9. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Although the "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995), given the short duration of Plaintiff's confinement in the dirty holding cell, he fails to state a claim for unconstitutional conditions of confinement, see, e.g., id. at 1313-15 (because conditions were only temporary, no Eighth Amendment violation where plaintiffs were shackled to toilet grate of pit toilet "encrusted with excrement and urine" for varying periods of time, up to overnight); Bartholomew v. Sisto, No. 2:09-cv-0882 JAM CMK P, 2013 WL 4482837, at *4 (E.D. Cal. Aug. 20, 2013), aff'd Bartholomew v. Muhammad, 599 F. App'x 313 (9th Cir. 2015) (single-day denial of "proper hygiene . . . including a shower after [plaintiff] urinated on himself,

4

soap to wash, a toothbrush, and a blanket" did not violate Eighth Amendment).

B.  Retaliation

A viable First Amendment claim for retaliation must allege the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

To the extent Plaintiff is attempting to allege that any defendant retaliated against him, he fails to state a claim for relief because there are no facts demonstrating that Plaintiff engaged in constitutionally protected conduct. Plaintiff alleges that Reilly, Hood, Phillips, and Gonzales threatened to beat him up because he liked "gassing officers."[2] This does not constitute conduct protected by the First Amendment. Accordingly, even if Defendants made the alleged threat for the alleged reasons, the incident cannot support a constitutional claim under § 1983.

C.  Due Process

The allegations of the complaint do not support a claim for violation of plaintiff's right to due process. The court understands this claim to be based on the alleged false charges issued by Reilly after the assault. However, the falsification of reports or evidence does not support a claim for relief. Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations."); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).

D.  Defendant Dina

Plaintiff fails to state a claim for excessive force or unconstitutional conditions of confinement against Defendant Dina as there are no facts demonstrating Dina used force against him or was involved in Plaintiff's temporary housing assignment. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant." (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980))). Nor

---

[2] Plaintiff does not define the term or describe his actions, but the undersigned understands "gassing" to mean the flinging of human waste.

does he allege facts that would demonstrate Dina's conduct was retaliatory.  See Rhodes, 408 F.3d at 567-68 (defendant's adverse action must be motivated by plaintiff's protected conduct).

To the extent Plaintiff is attempting to allege claims against Dina based upon her conspiring with Reilly, Hood, Phillips, and Gonzales, he cannot simply state that Defendants conspired against him and must instead allege facts demonstrating that there was "an agreement or 'meeting of the minds' to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)) (internal quotation marks omitted), and that he suffered an actual deprivation of his constitutional rights as a result of the conspiracy, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)).  Mere joint employment by the California Department of Corrections and Rehabilitation and the conclusory allegation that Defendants conspired to violate Plaintiff's rights is insufficient to show the common objective required for a conspiracy or that his rights were violated as a result.

VI.   Leave to Amend

For the reasons set forth above, the court finds that the complaint states a cognizable claim for excessive force against Defendants Reilly, Hood, Phillips, and Gonzales only.  All other allegations are insufficient to support cognizable claims for relief against any defendant.  However, it appears that Plaintiff may be able to allege facts to remedy this, and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve Defendants Reilly, Hood, Phillips, and Gonzales on his claim for excessive force or he may delay serving any defendant and amend the complaint.  Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If Plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If Plaintiff elects to proceed on his excessive force claim against Defendants Reilly, Hood, Phillips, and Gonzales without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims against Defendants Reilly, Hood, Phillips, and Gonzales and all claims against Defendant Dina.

If Plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once Plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.   Motion for Preliminary Injunction

Plaintiff has filed a motion for preliminary injunction that seeks a speedier transfer from CSP-Sacramento to CSP-Corcoran and to prevent Defendants Hood, Reilly, Gonzales, and Phillips from contacting Plaintiff as he awaits transfer to CSP-Corcoran on the basis that Defendants are retaliating against him. ECF No. 19. Shortly after filing the motion, plaintiff filed a notice of change of address that indicated he had been transferred to CSP-Corcoran, ECF No. 21, and the file reflects that he has since been transferred to California Health Care Facility. Because plaintiff is no longer housed at CSP-Sacramento and he has not demonstrated a reasonable expectation of being returned to that facility, the motion is moot and should be denied.

1  Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison,
2  his action [for injunctive relief] will usually become moot as to conditions at that particular
3  facility" (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995))); Johnson v. Moore, 948
4  F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief related to conditions of
5  confinement were moot where prisoner was transferred to another facility and "demonstrated no
6  reasonable expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783
7  F.2d 874, 876 (9th Cir. 1986))).

VIII.  Motions for Default Judgment

Plaintiff has filed multiple motions for default judgment.  ECF Nos. 20, 22, 23.  Because the complaint has yet to be served, Defendants are not yet required to respond.  Accordingly, defendants are not in default and default judgment cannot be entered.  See Fed. R. Civ. P. 55.  The motions will therefore be denied.

IX.  Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not.  Your claim for excessive force against Defendants Hood, Reilly, Gonzales, and Phillips is sufficient and requires a response.

You have not alleged enough facts to state any other claims against these Defendants or Defendant Dina.  You have not alleged sufficient facts about the conditions of the holding cell to show that it violated your rights given the short time you were in the cell.  Your allegations of retaliation do not state a claim because you have not alleged facts showing you took part in protected conduct (e.g., filing a lawsuit or grievance) and that your protected conduct was what caused Defendants to act against you.  There is no right to be free from false allegations, so you do not have a due process claim based on Reilly making false claims against you.  With respect to Defendant Dina, you have not shown she was part of the use of force or was involved in your placement in the holding cell.  Although you allege that Defendants conspired against you, you have not alleged any specific facts to show there was a conspiracy.

You have a choice to make.  You may either (1) proceed immediately on your excessive force clam against Defendants Hood, Reilly, Gonzales, and Phillips and voluntarily dismiss the other claims and Defendant Dina or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against Defendant Dina and your conditions of confinement, retaliation, due process, and conspiracy claims and against Defendants Hood, Reilly, Gonzales, and Phillips.  If you choose to amend your complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis, ECF Nos. 9, 12, are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motions for default judgment, ECF Nos. 20, 22, 23, are DENIED.

4. Plaintiff's claims against Defendant Dina and conditions of confinement, retaliation, due process, and conspiracy claims against Defendants Hood, Reilly, Gonzales, and Phillips do not state claims for which relief can be granted.

5. Plaintiff has the option to proceed immediately on his excessive force claim against Defendants Hood, Reilly, Gonzales, and Phillips as set forth in Section VI above, or to amend the complaint.

6. Within fourteen days of service of this order, plaintiff shall complete and return the

attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against Defendant Dina and the conditions of confinement, retaliation, due process, and conspiracy claims against Defendants Hood, Reilly, Gonzales, and Phillips.

      7. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motion for preliminary injunction, ECF No. 19, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>A. REILLY, et al.,<br><br>    Defendants. | No.  2:20-cv-1709 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his excessive force claim against Defendants Reilly, Hood, Phillips, and Gonzales without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims against Defendants Reilly, Hood, Phillips, and Gonzales and all claims against Defendant Dina pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                    Ronnie Cherokee Brown
                                                  Plaintiff pro se