UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>A. REILLY, et al.,<br><br>    Defendant. | No. 2:20-cv-1709 WBS AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before the court are defendants' motion to opt out of the Post-Screening ADR (Alternative Dispute Resolution) Project (ECF No. 56) and plaintiff's various motions for a temporary restraining order or preliminary injunction (ECF Nos. 32, 40, 54), to compel a settlement (ECF Nos. 41, 42, 57), for appointment of counsel (ECF No. 51), for default judgment (ECF No. 52), and to compel discovery (ECF Nos. 53).

I.   Motion to Opt Out

By order filed April 8, 2022, this case was referred to the court's Post-Screening ADR Project and stayed for a period of 120 days. ECF No. 56. That order provided defendants the opportunity to request opting out of the ADR Project based on a good faith belief that a settlement conference would be a waste of resources. Id. at 2. Defendants now request to opt out of the

////

1

Post-Screening ADR Project and that the stay be lifted.  ECF No. 60.  Having reviewed the request, the court finds good cause to grant it.

## II.   Motions for Temporary Restraining Order or Preliminary Injunction

Plaintiff has filed multiple motions for a temporary restraining order or preliminary injunction in which he alleges that he is scheduled to be transferred to CSP, Sacramento—where defendants work—and that his life will be in danger upon his arrival at the prison.  ECF Nos. 32, 40, 54.  In addition to responding to the complaint, defendants shall also respond to plaintiff's motions for an injunction and address the imminency or likelihood of his return to CSP, Sacramento and the alleged threat he faces upon his return.

## III.   Motions to Compel a Settlement

Plaintiff has filed three motions requesting the court compel a settlement.[1]  ECF Nos. 41, 42, 57.  The court cannot compel the parties to enter into a settlement agreement.  To the extent the motions are a request to set this case for a settlement conference, defendants' have represented that a settlement conference would not be productive at this time.  For these reasons, the motions will be denied.

## IV.   Motion for Counsel

In a motion made by another inmate on plaintiff's behalf, plaintiff seeks appointment of counsel on the ground that he is now blind due to a recent stroke.  ECF No. 51.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

---

[1] Although one of the motions is styled as a motion to compel a settlement conference and discovery, it addresses only plaintiff's request for a settlement.  ECF No. 41.

2

970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff's claim that he is now blind and unable to proceed without assistance, without supporting documentation, is not sufficient to warrant the appointment of counsel.  If plaintiff chooses to file another motion for appointment of counsel, he must provide medical documentation supporting his claimed impairments.  He must also address the availability of accommodations at the prison to assist him with the completion of his legal work and provide supporting documentation if he claims that requests for accommodations are being denied.

V. Motion for Default Judgment

Plaintiff has filed a motion for default judgment on the ground that defendants have "exceeded the time specified (60) days" due to their difficulties in locating defendant Phillips to obtain a waiver of service.  ECF No. 52.  Defendants timely sought and were granted extensions of time to file service waivers and respond to the complaint.  ECF Nos. 45, 49.  Prior to the deadline for defendants to respond to the complaint, this case was stayed while it was referred to the Post-Screening ADR Project.  ECF No. 56.  In light of defendants' request to opt out of the Post-Screening ADR Project, the stay will be lifted and a new deadline will be set for defendants to respond to the complaint.  Because defendants have not exceeded the time to respond to the complaint they are not in default and default judgment cannot be entered and the motion will be denied.  See Fed. R. Civ. P. 55.

VI. Motion to Compel Discovery

Plaintiff has filed a motion for discovery seeking the last known address of defendant Phillips for service.  ECF No. 53.  Defendant Phillips has waived service (ECF No. 55) and the motion will be denied.

VII. Repetitive Filings

Plaintiff has established a pattern of filing multiple, repetitive motions and he is cautioned that continued repetitive filings will result in such filings being stricken from the record and

potential limits on filing or sanctions.  The Eastern District of California maintains one of the heaviest caseloads in the nation, a significant portion of which is comprised of pro se inmate cases.  This sometimes causes unavoidable delays in the resolution of individual matters, and plaintiff's continued filing of duplicative requests does nothing but further slow the court's ability to address his case.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request to opt out of the Post-Screening ADR Project (ECF No. 60) is GRANTED.

2. The stay of this action, commencing April 8, 2022 (ECF No. 56), is LIFTED.

3. Within thirty days of the filing of this order, defendants shall file a response to the complaint.

4. Within thirty days of the filing of this order, defendants shall respond to plaintiff's motions for a temporary restraining order or preliminary injunction (ECF Nos. 32, 40, 54).

5. Plaintiff's motions to compel a settlement (ECF Nos. 41, 42, 57) are DENIED.

6. Plaintiff's motion for appointment of counsel (ECF No. 51) is DENIED.

7. Plaintiff's motion for default judgment (ECF No. 52) is DENIED.

8. Plaintiff's motion for discovery (ECF No. 53) is DENIED.

DATED: May 6, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE