1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONNIE CHEROKEE BROWN,                    No.  2:20-cv-1709 WBS AC P

12              Plaintiff,

13         v.                                   ORDER

14    A. REILLY, et al.,

15              Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, has filed a motion to amend the complaint

18    (ECF No. 63), which is accompanied by a proposed first amended complaint (ECF No. 64).

19      I.    Motion to Amend

20         Federal Rule of Civil Procedure 15(a) permits amendment to the complaint once as a

21    matter of course within twenty-one days of serving it or within twenty-one days of service of a

22    responsive pleading.  Because defendants have not yet responded to the complaint, plaintiff is

23    within the time for amending the complaint as a matter of course and does not require leave of the

24    court to amend.  The motion to amend will therefore be denied as unnecessary and the court will

25    proceed to screen the first amended complaint.[1]

26    _____

27    [1]  Because the first amended complaint supersedes the original complaint, defendants are no
longer obligated to respond to the original complaint.  However, defendants must still respond to
the motions for a temporary restraining order or preliminary injunction as previously ordered.

28    See ECF No. 62.

                                            1

1    II.    Statutory Screening of Prisoner Complaints

2        The court is required to screen complaints brought by prisoners seeking relief against "a

3    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

4    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

5    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

6    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

7        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9    Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

10   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

11   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

12   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

13   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

14   Franklin, 745 F.2d at 1227-28 (citations omitted).

15       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

16   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

17   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

18   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

19   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

20   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

21   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

22   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

23   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

24   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

25   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

26   cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

27   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

28       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2

1 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

2 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

3 content that allows the court to draw the reasonable inference that the defendant is liable for the

4 misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

5 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

6 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

7 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

8 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

9       III.     First Amended Complaint

10       The first amended complaint alleges that defendants Reilly, Hood, Phillips, and Gonzales

11 conspired to and did violate plaintiff's rights under the Eighth Amendment.  ECF No. 64.

12 Plaintiff also alleges that defendants' conduct constituted assault and battery and subjected him to

13 intentional infliction of emotional distress.  Id. at 17-21.  Specifically, plaintiff alleges that on

14 December 26, 2020,[2] he began having a psychotic episode and began yelling at Reilly and Hood

15 to do their jobs and let him out of his cell so that he could get his medication.  Id. at 8-10.  While

16 plaintiff was yelling for his medication, he heard Reilly and Hood making plans to assault him

17 and notify the sergeant of their plans.  Id. at 10.  Plaintiff thought Reilly and Hood were just

18 trying to scare him, so when Hood told him to cuff up five minutes later, plaintiff did as he was

19 told.  Id.  After plaintiff was cuffed, Hood and Reilly began punching plaintiff in the face and

20 head and slammed him on the floor.  Id.  Then after the sergeants arrived, plaintiff was kicked

21 multiple times in his ribs and mouth.  Id.  He also alleges that the sergeants failed to properly train

22 and supervise their subordinates.  Id. at 6.

23       IV.     Claims for Which a Response Will Be Required

24       Plaintiff has sufficiently alleged claims for excessive force against Hood and Reilly.  See

25 Hudson v. McMillian, 503 U.S. 1, 7 (1992) (force is excessive if used "maliciously and

26 sadistically to cause harm" (citation omitted)).  Furthermore, liberally construing plaintiff's

27

28   [2] The original complaint alleged the incident occurred on December 26, 2019.  ECF No. 1 at 9.

1   references to conduct by the "sergeants" as conduct by Phillips and Gonzales, who are identified

2   as sergeants, plaintiff has sufficiently stated a claim for failure to protect based upon their failure

3   to intervene in the assault after they arrived.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994)

4   (internal quotation marks and citations omitted) (Eighth Amendment violated where prison

5   official is deliberately indifferent to serious risk of harm).  Finally, plaintiff has sufficiently

6   alleged that Hood, Reilly, Phillips, and Gonzales conspired to violate his Eighth Amendment

7   rights.  See Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (plaintiff must allege facts

8   demonstrating that there was "an agreement or 'meeting of the minds' to violate constitutional

9   rights" (citation omitted)); Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (citation omitted)

10   (plaintiff must have suffered an actual deprivation of his constitutional rights as a result of the

11   conspiracy).

12          Defendants will be required to respond to these claims.

13   V.       Failure to State a Claim

14          A.   Excessive Force

15          Plaintiff has failed to state claims for excessive force against Phillips and Gonzales

16   because he has not alleged any facts demonstrating that they participated in the assault.

17          B.   Failure to Train or Supervise

18          Plaintiff's allegations that Phillips and Gonzales failed to train or supervise their

19   subordinates, leading to the violation of his rights, are insufficient to state claims for relief

20   because the facts demonstrate that Hood and Reilly's conduct was based on their decision to

21   assault plaintiff rather than the result of a failure to train or supervise.  See Ting v. United States,

22   927 F.2d 1504, 1512 (9th Cir. 1991) ("[T]he inadequacy of . . . training may serve as a basis for

23   liability under section 1983 . . . 'only where the failure to train amounts to deliberate indifference

24   to the rights of persons with whom the [subordinates] come into contact.'" (citation omitted)).

25          C.   State Tort Law Claims

26          Plaintiff has failed to state claims for assault, battery, or intentional infliction of emotional

27   distress because he has not alleged compliance with the Government Claims Act.  See State v.

28   Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the state, timely

4

1   presentation of a claim under the Government Claims Act is an element of the cause of action and

2   must be pled in the complaint).

3         VI.      <u>Leave to Amend</u>

4         For the reasons set forth above, the court finds that the complaint does not state

5   cognizable claims against defendants Phillips and Gonzales for excessive force or failure to train

6   or supervise or against any defendant under state tort law.  However, it appears that plaintiff may

7   be able to allege facts to remedy this and he will be given the opportunity to amend the complaint

8   if he desires.

9         Plaintiff may proceed forthwith to serve defendants Hood and Reilly on his excessive

10   force claims, defendants Phillips and Gonzales on his failure to protect claim, and all defendants

11   on his conspiracy claims or he may delay serving any defendant and amend the complaint.

12         Plaintiff will be required to complete and return the attached notice advising the court how

13   he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

14   file an amended complaint.  If plaintiff elects to proceed on the first amended complaint as

15   screened without amending the complaint, defendants will be ordered to respond to the amended

16   complaint.  A decision to go forward without amending the complaint will be considered a

17   voluntarily dismissal without prejudice of all state law claims and the claims against defendants

18   Phillips and Gonzales for excessive force and failure to train or supervise.

19         If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

20   about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>,

21   423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

22   defendant is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).

23   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

24   connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>,

25   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

26   participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266,

27   268 (9th Cir. 1982) (citations omitted).

28         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

1  his amended complaint complete.  Local Rule 220 requires that an amended complaint be

2  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

3  amended complaint supersedes the original and any prior complaints.  Loux v. Rhay, 375 F.2d 55,

4  57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d

5  896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not

6  have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an

7  amended complaint, the original and any previous amended complaints no longer serve any

8  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

9  and the involvement of each defendant must be sufficiently alleged.

10      VII.    Plain Language Summary of this Order for a Pro Se Litigant

11          Some of the allegations in the complaint state claims against the defendants and some do

12  not.  You have stated claims for excessive force against defendants Hood and Reilly, for failure to

13  protect against defendants Phillips and Gonzales, and for conspiracy against all defendants.  You

14  have not alleged enough facts to state any claims for excessive force or failure to train or

15  supervise against defendants Phillips and Gonzales or against any defendant under state tort law.

16          You have a choice to make.  You may either (1) proceed immediately on your excessive

17  force claims against defendants Hood and Reilly, failure to protect claims against defendants

18  Phillips and Gonzales, and conspiracy claims against all defendants and voluntarily dismiss the

19  other claims or (2) try to amend the complaint.  If you want to go forward without amending the

20  complaint, you will be voluntarily dismissing without prejudice your state law claims against all

21  defendants and your claims for excessive force and failure to train or supervise against defendants

22  Phillips and Gonzales.  If you choose to file a second amended complaint, it must include all

23  claims you want to bring.  Once an amended complaint is filed, the court will not look at any

24  information in the original or any previous amended complaints.  **Any claims and information**

25  **not in the second amended complaint will not be considered.**  You must complete the attached

26  notification showing what you want to do and return it to the court.  Once the court receives the

27  notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint

28  or wait for defendants to respond).

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.   Plaintiff's state law claims against all defendants and claims for excessive force and

3    failure to train or supervise against defendants Phillips and Gonzales do not state claims for which

4    relief can be granted.

5    2.   Plaintiff has the option to proceed immediately on his Eighth Amendment excessive

6    force claims against defendants Hood and Reilly, Eighth Amendment failure to protect claims

7    against defendants Phillips and Gonzales, and conspiracy claims against all defendants as set

8    forth in Section IV above, or to amend the complaint.

9    3.   Within fourteen days of service of this order, plaintiff shall complete and return the

10   attached form notifying the court whether he wants to proceed on the screened first amended

11   complaint or whether he wants to file a second amended complaint.  If plaintiff does not return

12   the form, the court will assume that he is choosing to proceed on the complaint as screened and

13   will recommend dismissal without prejudice of the state law claims against all defendants and

14   claims for excessive force and failure to train or supervise against defendants Phillips and

15   Gonzales.

16   DATED: May 31, 2022

17                                                    _____
                                                       ALLISON CLAIRE
18                                                    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    RONNIE CHEROKEE BROWN,                    No.  2:20-cv-1709 WBS AC P

11              Plaintiff,

12         v.                                   PLAINTIFF'S NOTICE ON HOW TO
                                                PROCEED
13    A. REILLY, et al.,

14              Defendants.

15

16         Check one:

17    _____  Plaintiff wants to proceed immediately on his excessive force claims against defendants

18         Hood and Reilly, failure to protect claims against defendants Phillips and Gonzales, and

19         conspiracy claims against all defendants without amending the complaint.  Plaintiff

20         understands that by going forward without amending the complaint he is voluntarily

21         dismissing without prejudice his state law claims against all defendants and claims for

22         excessive force and failure to train or supervise against defendants Phillips and Gonzales

23         pursuant to Federal Rule of Civil Procedure 41(a).

24    _____  Plaintiff wants to amend the complaint.

25

26    DATED:_____

27                                              _____
                                                Ronnie Cherokee Brown
28                                              Plaintiff pro se

                                             1