UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN, | No. 2:20-cv-1709 WBS AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| A. REILLY, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's notice on how to proceed (ECF No. 67) and motions for a temporary restraining order or preliminary injunction (ECF Nos. 32, 40, 54).

I.  Notice on How to Proceed

On June 1, 2022, the court screened the first amended complaint and plaintiff was given the choice of either amending the complaint or proceeding immediately on cognizable claims only. ECF No. 65. Plaintiff has now notified the court that he would like to proceed immediately on his excessive force claims against defendants Hood and Reilly, failure to protect claims against defendants Phillips and Gonzales, and conspiracy claims against all defendants without amending the complaint. ECF No. 67. Plaintiff acknowledges that this choice constitutes a voluntary dismissal without prejudice of his state law claims against all defendants and claims for excessive

////

1

force and failure to train or supervise against defendants Phillips and Gonzales.  Id.  Plaintiff's choice will be honored.

II.   Motions for Temporary Restraining Order or Preliminary Injunction

Plaintiff has filed multiple motions for a temporary restraining order or preliminary injunction in which he alleges that he is scheduled to be transferred to CSP-Sacramento and that his life will be in danger upon arrival at the prison because it is where defendants work.  ECF Nos. 32, 40, 54.  Defendants were ordered to respond to the motions and have now done so.  ECF No. 66.  In their response, defendants argue that plaintiff is unlikely to succeed on the merits of his claims, that he cannot demonstrate that he is likely to suffer irreparable injury because there are currently no plans to transfer him to CSP-Sacramento, and that he has already been transferred to one of the prisons that he requested to be transferred to instead of CSP-Sacramento. Id.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  If the moving party cannot show a likelihood of success on the merits, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  All. for the Wild

Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

Because plaintiff is not currently housed at CSP-Sacramento and he has not demonstrated a reasonable expectation of being returned to that facility, the motion is moot and should be denied on that basis.  See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and demonstrated no reasonable expectation of returning to the original facility); see also Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986).  Furthermore, petitioner makes only unsupported, conclusory assertions that he will be in danger from defendants if he is transferred, which is not sufficient to support relief.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984))).

For these reasons, the motions for temporary restraining order or preliminary injunction should be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court shall construe Plaintiff's Notice on How to Proceed (ECF No. 67) as a VOLUNTARY DISMISSAL of his state law claims against all defendants and claims for excessive force and failure to train or supervise against defendants Phillips and Gonzales pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and update the docket accordingly.

2.  In accordance with Section IV of the June 1, 2022 screening order (ECF No. 65), plaintiff has stated claims for relief against defendants Reilly, Hood, Phillips, and Gonzales and they are required to respond to the first amended complaint.  42 U.S.C. § 1997e(g)(2).

3.  Defendants shall file a response to the first amended complaint within twenty-one days of the service of this order.

IT IS FURTHER RECOMMENDED that plaintiff's motions for preliminary injunction (ECF Nos. 32, 40, 54) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 5, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE