UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. REILLY, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-1709 WBS AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner seeking relief under 42 U.S.C. § 1983, filed a motion for a preliminary injunction (ECF No. 73) less than three weeks after his last four such motion were denied (ECF No. 72).  Plaintiff has also filed a motion for appointment of counsel.  ECF No. 74.

　　I.　　Motion for Preliminary Injunction

　　　　Plaintiff alleges that he is scheduled to be transferred to CSP-Sacramento and that his life will be in danger there because it is where defendants work.  He seeks an order preventing this transfer.  ECF No. 73.

　　　　"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  If the moving party cannot show a likelihood of success on the merits, "'serious

questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff is not currently housed at CSP-Sacramento, and though he alleges that he will be transferred back to CSP-Sacramento in thirty to sixty days, he provides no documentation to support this allegation. Plaintiff has made similar, unsupported allegations that he was scheduled to be transferred to CSP-Sacramento in his previous motions for preliminary injunction, the first of which was filed nearly one year ago, and he has yet to be transferred back. See ECF No. 32 at 3, 5 (claiming transfer in both six months and ninety days); ECF No. 40 at 4 (claiming transfer within four months); ECF No. 54 at 3 (claiming transfer within twenty days). Furthermore, in response to plaintiff's previous motions, defendants provided evidence that there were no plans to transfer plaintiff at that time. ECF No. 66. Because plaintiff does not provide any support for his claims of an imminent transfer, he fails to demonstrate a reasonable expectation of being returned to that facility and the motion should be denied. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))).

Furthermore, petitioner makes only unsupported, conclusory assertions that he will be in danger from defendants if he is transferred, which is not sufficient to merit relief. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984))). Accordingly, even if plaintiff provided evidence of imminent transfer he would not be entitled to preliminary injunctive relief.

For these reasons, the motion should be denied.

II.     Motion for Counsel

Plaintiff has also requested the appointment of counsel. ECF No. 74. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he currently housed in a crisis bed, is heavily medicated, has no access to the law library, and will be without his property for at least seven months. ECF No. 74. However, plaintiff provides no documentation to support his claim that it will be at least seven months before his property is returned or identify why he needs access to the law library at this time. Defendants do not currently have any motions pending and plaintiff has not identified any matters that he is working on that require library access. Furthermore, while plaintiff claims that he is not allowed to physically go to the law library, he does not address whether he is also unable to request legal materials through the paging system.

The claim that plaintiff suffers from mental health conditions and side effects from his medication, without more, is also not enough to establish exceptional circumstances warranting appointment of counsel. If plaintiff chooses to file another motion for appointment of counsel at a later stage of the case, he should identify what conditions he suffers from, explain how his conditions or the medication he is taking prevent him from proceeding without assistance, and

provide medical documentation that supports his claims regarding the effect his mental health conditions or medication have on his ability to proceed without assistance.

Finally, plaintiff has not demonstrated that he has a likelihood of success on the merits. To date, he has demonstrated that he is capable of articulating his claims without assistance.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 74) is DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 73) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE