1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONNIE CHEROKEE BROWN,                No.  2:20-cv-1709 WBS AC P

12              Plaintiff,

13        v.                               ORDER

14   A. REILLY, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.

19        On October 11, 2022, plaintiff filed his sixth, nearly identical motion for a preliminary

20   injunction.  ECF No. 73.  The undersigned's recommendation that the motion be denied is still

21   pending.  ECF No. 75.  Plaintiff has since filed an additional three motions for preliminary

22   injunction that are once again nearly identical in substance to the previous motions.  ECF Nos. 76,

23   78, 81.  On October 14, 2022, plaintiff filed a motion for appointment of counsel.  ECF No. 76.

24   Defendants were ordered to respond to plaintiff's claims that he was being denied access to the

25   law library, legal paging service, and his legal materials due to being in a mental health crisis bed.

26   ECF No. 77.  Defendants filed their response on November 10, 2022 (ECF No. 83), and the

27   motion is still pending.  Plaintiff has filed an additional six motions for appointment of counsel

28   that are substantively identical to the motion filed on October 14, 2022.  ECF Nos. 78-82, 85.

                                          1

Plaintiff has also requested an extension of time to compel settlement.  ECF No. 80.

Plaintiff was previously cautioned against filing multiple, repetitive motions, and warned that continuing to do so would result in duplicative requests being stricken from the record.  ECF No. 62 at 3-4.  The duplicative motions for preliminary injunction and for appointment of counsel will therefore be stricken from the record.  Plaintiff is warned that continued repetitive filings will be sricken, and will expose plaintiff to potential limits on filing or sanctions.  Sanctions could range all the way up to dismissal of this case based upon the degree of noncompliance.

With respect to plaintiff's outstanding request for the appointment of counsel (ECF No. 76), the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he currently housed in a crisis bed; is heavily medicated; and has no access to the law library, legal paging service, or his legal materials due to his placement in a crisis bed.  ECF No. 76.  However, plaintiff provides no documentation to support his claims, and defendants have advised that plaintiff was discharged from the mental health crisis bed on October 20, 2022, and has had at least some of his property returned to him since that time.  ECF No. 83.  Furthermore, as plaintiff has previously been advised, the fact that he suffers from mental health conditions and experiences side effects from his medication, without more, does not establish exceptional circumstances warranting

1   appointment of counsel.  ECF Nos. 75.  Finally, plaintiff has not demonstrated that he has a

2   likelihood of success on the merits and up to this point, has been capable of articulating his claims

3   without assistance.  The motion will therefore be denied.

4            Plaintiff's motion for an extension of time to compel a settlement will also be denied.

5   Plaintiff has already been advised on two prior occasions that the court cannot compel the parties

6   to enter into a settlement agreement.  ECF No 25; ECF No. 62 at 2.  Accordingly, there is no need

7   to extend the time to do so.  Plaintiff is free to contact defense counsel in writing regarding

8   potential settlement at any time during this case, but such correspondence should not be filed with

9   the court.  Defendants are under no obligation to participate in discussion regarding settlement.

10           Accordingly, IT IS HEREBY ORDERED that:

11           1.  Plaintiff's motion for appointment of counsel (ECF No. 76) is DENIED;

12           2.  Plaintiff's motion for an extension of time to compel a settlement (ECF No. 80) is

13   DENIED; and

14           3.  The Clerk of the Court is directed to strike the duplicative motions for preliminary

15   injunction and to appoint counsel (ECF Nos. 76, 78-82, 85) from the record.

16   DATED: November 17, 2022

17   _____

18   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28