UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>A. REILLY, et al.,<br><br>    Defendants. | No.  2:20-cv-1709 WBS AC P<br><br><u>ORDER</u> |

      Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed motions to appoint counsel, to compel discovery, to compel settlement, and for a preliminary injunction.  ECF Nos. 89-92.

      Plaintiff's motions for counsel, to compel settlement, and for a preliminary injunction are substantively identical to his previous motions (<u>see</u> ECF Nos. 15, 19, 32, 40-42, 51, 54, 57, 69, 73, 74, 76, 78-82, 85), which have all been denied or stricken from the record (ECF Nos. 25, 39, 62, 72, 75, 87).  Plaintiff has been cautioned on more than one occasion that repetitive motions will be stricken from the record (ECF Nos. 62 at 3-4; ECF No. 87 at 2), and the latest motions will also be stricken.  Plaintiff is once again cautioned against filing multiple, repetitive motions.  Continued persistence in filing such repetitive motions will result in those motions being stricken and plaintiff being subject to limits on filing without further warning.

////

Plaintiff is reminded that in order to be considered, requests for the appointment of counsel based upon claimed physical or mental impairments must be accompanied by medical documentation supporting his claimed impairments, address the availability of accommodations at the prison to assist him, and provide supporting documentation if he claims the requests for accommodations are being denied. Requests for preliminary injunction related to plaintiff's transfer to California State Prison-Sacramento must be accompanied by evidence that his transfer to that prison is imminent and to support his claims that he will be in danger from defendants. Unsupported, conclusory assertions that plaintiff will be transferred or in danger do not support entitlement to preliminary injunctive relief.

With respect to plaintiff's motion to compel production of documents, though plaintiff identifies the documents he seeks produced, he has failed to reproduce the original requests or defendants' responses, leaving the court unable to assess whether further production is required. The motion also indicates that plaintiff's requests for production were served on November 30, 2022, the same day the motion was filed, making the motion premature. ECF No. 90 at 3. Moreover, assuming the requests were in fact served on November 30, 2022, they are untimely. See ECF No. 71 at 5 (setting October 3, 2022 deadline for serving written discovery requests). The motion will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to STRIKE plaintiff's motions for counsel (ECF No. 89), to compel settlement (ECF No. 91), and for preliminary injunction (ECF No. 92) from the record.

2. Plaintiff's motion to compel discovery (ECF No. 90) is DENIED.

DATED: December 15, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE