UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. REILLY, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-1709 WBS AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motions for preliminary injunction (ECF Nos. 99, 103, 112, 113), motions to compel (ECF Nos. 102, 109, 110), motions for appointment of counsel (ECF Nos. 108, 114, 117), and motions for settlement (ECF Nos. 115, 116, 118).

　　I.　　Repetitive Filings

Plaintiff has been cautioned on multiple occasions that repetitive filings will be stricken from the record and that his persistence in filing repetitive motions would result in limitations on filing or sanctions. ECF Nos. 62 at 3-4; ECF No. 87 at 2; ECF No. 93 at 1. All repetitive motions will therefore be stricken from the record and plaintiff's filings shall be limited as set forth below.

////

1

II. <u>Motions for Preliminary Injunction</u>

On January 11, 2023, the court received plaintiff's motion for preliminary injunction in which he alleged that he had been transferred back to California State Prison (CSP)-Sacramento, where defendants work, and that defendant Hood had threatened him on two occasions. ECF No. 99. He requested transfer to a different yard at CSP-Sacramento or to a different prison. Id. at 2-3, 5-6. Defendants were ordered to respond to the motion and plaintiff was advised that "he may not file any other motions for preliminary injunction on the same grounds or seeking the same relief" while that motion was pending. ECF No. 101 at 1. Plaintiff then proceeded to file a second motion for preliminary injunction in which he alleged that defendants Hood and Gonzales were threatening him and once again requested the court order him moved to a different yard at CSP-Sacramento or a different prison. ECF No. 103. After defendants filed their opposition to the motion (ECF No. 104), plaintiff filed a notice of change of address indicating that he had been transferred to California Health Care Facility (CHCF) (ECF No. 107), where it appears that he is still housed. Since his transfer to CHCF, plaintiff has filed two additional motions for preliminary injunction in which he alleges that two officers are refusing to release his legal property and requesting the court order the prison to provide him with his legal property. ECF Nos. 112, 113.

Because plaintiff has been transferred out of CSP-Sacramento, which was the relief he sought, and he has not demonstrated a reasonable expectation of being returned to that facility, his January 11, 2023 motion is moot and should be denied on that basis. <u>Nelson v. Heiss</u>, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action [for injunctive relief] will usually become moot as to conditions at that particular facility" (citing <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368-69 (9th Cir. 1995))); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]." (citing <u>Darring v. Kincheloe</u>, 783 F.2d 874, 876 (9th Cir. 1986))). Plaintiff's subsequent motion seeking a transfer from CSP-Sacramento will be stricken from the record.

With respect to plaintiff's motion for preliminary injunction related to his legal property, the second filed motion will be stricken because it is duplicative. As to the first filed motion,

> [a] plaintiff seeking a preliminary injunction must establish that he is [(1)] likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Furthermore, a district court has no authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)); Paccar Int'l, Inc. v. Com. Bank of Kuwait, S.A.K., 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of personal jurisdiction).

Plaintiff's motion fails to demonstrate that he is likely to succeed on the merits in this case. ECF No. 112. Furthermore, though he attempts to allege irreparable harm in the form of an inability to pursue this lawsuit, plaintiff provides no evidence of his attempts to access his property or the alleged denials of access. He also has not demonstrated that extensions of time would not be sufficient to address the issue. Finally, plaintiff seeks relief against non-defendant prison officials rather than named defendants, and the court does not have jurisdiction over those individuals unless he provides facts showing that they are acting "in active concert or participation" with the defendants. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Plaintiff has failed to provide any such facts. Because the court lacks jurisdiction over the individuals against whom plaintiff seeks injunctive relief, the motion must be denied. See Zepeda v. I.N.S., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

For these reasons, the motion for preliminary injunction related to plaintiff's legal property should be denied.

III. Motions to Compel

On January 19, 2023, the court received plaintiff's motion to compel discovery from defendants. ECF No. 100. The motion was denied because, while plaintiff identified the material he was seeking to compel, he did not reproduce the requests at issue or defendants' responses and failed to explain why the responses were deficient or the objections unjustified. ECF No. 101. Plaintiff was advised that

> [w]ithout the original requests, defendants' responses (including any objections), and plaintiff's explanation as to why the responses are deficient, the court is unable to determine whether production should be compelled, and the motion will therefore be denied. If plaintiff files another motion to compel, the motion must include a copy of the requests as they were sent to defendants, defendants' responses and objections, and an explanation as to why the responses are deficient or the objections are not appropriate.

Id. at 2. Plaintiff then proceeded to file three additional motions to compel (ECF Nos. 102, 109, 110), which defendants oppose (ECF Nos. 106, 111).

All three motions to compel suffer from the same defects as the January 19, 2023 motion, and the second and third motions were both filed approximately one month after discovery closed[1] without any explanation for their untimeliness. The court further notes that defendants' opposition to plaintiff's first motion includes evidence that the production requests at issue were served two months after the deadline for serving discovery requests expired, and that defendants nevertheless provided plaintiff with access to view the video he was requesting and various non-confidential documents. ECF No. 106-1.

For these reasons, the motions to compel will be denied and any further motions to compel will be stricken.

////

---

[1] Discovery closed on March 17, 2023 (ECF No. 98), and, affording plaintiff the benefit of the prison mailbox rule, see Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing), his motions were filed on April 13 and 24, 2023.

### IV. Motions for Appointment of Counsel

Plaintiff has filed three substantively identical motions for appointment of counsel, the first of which was filed on April 17, 2023. ECF Nos. 108, 114, 117. Furthermore, these motions are no different in substance from the previous motions for counsel that plaintiff has filed, many of which were stricken from the record due to their duplicative nature. ECF Nos. 51, 74, 76, 78-82, 84, 89. The April 17, 2023 motion for counsel will therefore be denied on the same grounds as plaintiff's previous motions for counsel, see ECF No. 62 at 2-3; ECF No. 75 at 3-4; ECF No. 87 at 2-3; and his two subsequent motions will be stricken from the record. Any further motion for appointment of counsel should address the deficiencies identified in the court's previous orders.

Plaintiff is reminded that in order to be considered, requests for the appointment of counsel based upon claimed physical or mental impairments must be accompanied by medical documentation supporting his claimed impairments, address the availability of accommodations at the prison to assist him, and provide supporting documentation if he claims the requests for accommodations are being denied. Requests based on an inability to access legal materials should similarly be accompanied by documentation showing plaintiff's attempts to access such materials and any denials he may have received. Plaintiff is further advised that in the event he files another motion for appointment of counsel, he may not file any other motions for counsel while that motion is pending or they will be stricken from the record.

### V. Motions for Settlement

Plaintiff has filed three motions requesting early settlement in which he advises that he is willing to make an offer to settle the case and requests defendants' counsel respond. ECF No. 115, 116, 118. His second motion also requests that the court schedule a settlement conference. ECF No. 116. To the extent plaintiff seeks an order from the court directing defendants to accept his settlement offers, he has been advised on multiple occasions that the court cannot compel defendants to enter into a settlement agreement and this request will be denied. See ECF No. 25; ECF No. 62 at 2; ECF No. 87 at 3. Plaintiff is advised that any further requests to order defendants to settle the case will be stricken from the record without further warning.

With respect to plaintiff's second motion, which also requests that this case be referred for a settlement conference, the request will be granted in part. The deadline for filing dispositive motions has passed[2] and no party has filed a dispositive motion, meaning this case is otherwise ready to proceed to trial. For this reason, plaintiff's motion for a settlement conference will be granted to the extent defendants will be required to notify the court whether they believe a settlement conference would be productive. If defendants agree that a settlement conference would be productive, the court will set this case for a settlement conference prior to setting a schedule for pretrial proceedings. If defendants do not believe a settlement conference would be productive, they should provide the basis for this belief so that the court may assess whether a settlement conference may still be appropriate. No reply to defendants' statement is necessary, and plaintiff is informed that any reply he submits will be stricken without further notice and will not be considered.

Furthermore, under Local Rule 270(b), because the undersigned is not the trial judge, the undersigned may conduct the settlement conference, "except that, at the time the settlement conference is scheduled or as otherwise ordered by the Court, any party may request that the conference not be conducted by the assigned Magistrate Judge." The parties will therefore be given an opportunity to request that another magistrate judge conduct any settlement conference that may be scheduled.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Clerk of the Court is directed to STRIKE plaintiff's duplicative motions for preliminary injunction (ECF Nos. 103, 113).

2. Plaintiff's motions to compel (ECF Nos. 102, 109, 110) are DENIED.

3. Plaintiff's April 17, 2023 motion for appointment of counsel (ECF No. 108) is DENIED and the Clerk of the Court is directed to STRIKE the duplicative motions for appointment of counsel (ECF Nos. 114, 117) from the record.

////

---

[2] The deadline for filing dispositive motions was June 9, 2023. ECF No. 98.

4. Plaintiff's motion requesting the court compel defendants to settle the case (ECF No. 115) is DENIED and the Clerk of the Court is directed to STRIKE the duplicative motion (ECF No. 118).

5. Plaintiff's motion for a settlement conference (ECF No. 116) is GRANTED to the extent that defendants shall notify the court within fourteen days of the service of this order whether they believe a settlement conference would be productive. The motion is otherwise DENIED.

6. Within fourteen days of the service of this order, any party may request that a settlement conference held in this case be conducted by a magistrate judge other than the undersigned. If no party requests a different magistrate judge and the parties agree a settlement conference would be productive, a settlement conference will be scheduled before the undersigned.

**IT IS FURTHER RECOMMENDED** that:

1. Plaintiff's motion for preliminary injunction in the form of a transfer (ECF No. 99) be DENIED as moot.

2. Plaintiff's motion for preliminary in the form of access to his legal materials (ECF No. 112) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 29, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE