UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. REILLY, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-1709 WBS AC P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed July 20, 2023, the undersigned set a further schedule for this case that included deadlines for the completion of expert discovery and the submission of pretrial statements.  ECF No. 121.  Plaintiff has since submitted multiple requests related to the location and attendance at trial of his inmate witness.  ECF Nos. 122-124, 126, 130-131.  He has also moved for a preliminary injunction or temporary restraining order, appointment of counsel, and settlement of this case.  ECF Nos. 129, 133, 142.

　　　I.　　Motions for Attendance of an Incarcerated Witness

　　　　Plaintiff requests that defendants be ordered to provide him with the location of his witness and that the court issue a writ for this inmate's appearance at trial.  ECF Nos. 122-124, 126, 130, 131.  Plaintiff's prospective witness was initially identified as Jeffrey Thompson, with a CDCR number of either AU-6203 or AU-6903 (ECF Nos. 122-124, 126), and defendants opposed the requests on the grounds that plaintiff failed to provide a sworn statement regarding

the witness's knowledge and willingness to attend and that there were no inmates by that name and assigned either number (ECF No. 128).  However, they noted that there was an inmate named Jeffery Thompson with a CDCR number of AU-9203, who was housed at California State Prison (CSP)-Sacramento, and appeared to have been housed near plaintiff at the relevant time.  Id. at 4.  Plaintiff subsequently filed two additional motions seeking the attendance of inmate Jeffrey Thompson, CDCR #AU-9203, which included a declaration from Thompson stating that he was willing to testify and that he had witnessed defendants beating plaintiff.  ECF Nos. 130, 131.  After receiving additional time to respond to the motions so that they could interview Thompson, defendants filed a notice of non-opposition.  ECF No. 139.

Accordingly, those requests which erroneously identified the witness will be denied, while plaintiff's requests to have Jeffery Thompson, CDCR # AU-9203, as a witness at trial will be granted.  A writ for Thompson's appearance will issue by separate order.

II.     Motion for Temporary Restraining Order or Preliminary Injunction

Plaintiff has filed yet another motion seeking a temporary restraining order or preliminary injunction, in which he claims that he is scheduled to be transferred to CSP-Sacramento and that his life will be in danger upon arrival at the prison because it is where defendants work, and they will have him killed by other inmates.  ECF No. 129.  Defendants oppose the motion on the grounds that plaintiff seeks relief from non-parties and has failed to establish that he is entitled to a temporary restraining order or preliminary injunction.  ECF No. 132.

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  If the moving party cannot show a likelihood of success on the merits, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff is not currently housed at CSP-Sacramento, and though he alleges that he will be transferred back to CSP-Sacramento, he provides no documentation to support this allegation. Moreover, while plaintiff has since been transferred to another prison, he was transferred to Kern Valley State Prison, not CSP-Sacramento. ECF No. 140. Because plaintiff does not provide any support for his claims of an imminent transfer, he fails to demonstrate a reasonable expectation of being returned to that facility and the motion should be denied. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))).

Furthermore, petitioner makes only unsupported, conclusory assertions that he will be in danger from defendants if he is transferred, which is not sufficient to merit relief. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984))).

Finally, as defendants point out, plaintiff appears to seek injunctive relief against non-parties, as there is no evidence that defendants are responsible for decisions regarding his housing assignment. The court does not have jurisdiction over non-parties unless plaintiff provides facts showing that they are acting "in active concert or participation" with the defendants. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Plaintiff has failed to provide any such facts.

For these reasons, the motion for temporary restraining order or preliminary injunction should be denied.

III.   Motion for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff once again seeks appointment of counsel on the ground that he is taking psychiatric medications that he claims leave him unable to function and represent himself in this action.  ECF No. 133.  He claims that the medications have prevented him from doing his legal work, presenting his claims, filing motions, and presenting a complaint.  Id. at 2-3.  In support of this claim, he presents nearly 200 pages of mental health records.  Id. at 9-99; ECF No. 133-1.

Although plaintiff claims that he is unable to pursue this without the assistance of counsel, the record in this case clearly belies that assertion.  The record is replete with motions and other filings made by plaintiff that clearly articulate the relief he is seeking and the claims he is making.  The provision of plaintiff's medical records also fails to support his request, as the records provided go only to February 18, 2020.  ECF No. 133 at 8.  Evidence of plaintiff's mental impairments nearly four years ago has no bearing on his present ability to represent himself.  The motion for appointment of counsel will therefore be denied.

IV.     Motion for Settlement

Plaintiff has filed a motion requesting that defendants settle this case.  ECF No. 142.  Plaintiff has been advised on multiple occasions that the court cannot compel defendants to enter into a settlement agreement.  See ECF No. 25; ECF No. 62 at 2; ECF No. 87 at 3; ECF No. 119 at 5.  Plaintiff was further cautioned that additional request for defendants to settle the case would be stricken from the record.  ECF No. 119 at 5.  The Clerk of the Court will therefore be directed to strike the motion.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for the attendance of an incarcerated witness and for defendants to provide him with the location of his witness (ECF Nos. 122-124, 126) are DENIED.

2. Plaintiff's motions for the attendance of incarcerated witness Jeffery Thompson, CDCR # AU-9203, (ECF Nos. 130, 131) are GRANTED.

3. Plaintiff's motion for appointment of counsel (ECF No. 133) is DENIED.

4. The Clerk of the Court is directed to STRIKE plaintiff's request for settlement (ECF No. 142) from the record.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 129) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 28, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE