UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN, | No.  2:20-cv-1709 AC P |
| Plaintiff, | |
| v. | ORDER |
| A. REILLY, et al., | |
| Defendants. | |

This case was recently reassigned to the undersigned and the trial set before the district judge was vacated after the court received consent to magistrate judge jurisdiction from all parties.  ECF No. 167.  In light of this case's reassignment, the findings and recommendations filed December 28, 2023 (ECF No. 148), are adopted herein by reference and plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 129) will be denied.  This case will also be referred for a mandatory pretrial settlement conference and trial will now be set before the undersigned.

Plaintiff has also recently filed a motion for appointment of counsel to represent him at trial.  ECF No. 165.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer,

935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff has not put forth any grounds for appointment of counsel other than that the attorney he believed would be representing him has stated that they have not in fact agreed to represent him. ECF No. 165 at 2. This does not establish exceptional circumstances warranting the appointment of counsel and the request for appointment of counsel for purposes of representation at trial will be denied. However, in light of the impending trial and the referral of this case for a settlement conference, the court finds this case would be benefitted by the appointment of counsel for the limited purpose of representing plaintiff at the settlement conference and this case will be referred to Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney who is willing to accept this limited purpose appointment.

Accordingly, IT IS HEREBY ORDERED that:

1. The December 28, 2023 findings and recommendation (ECF No. 148) are adopted in full and plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 129) is DENIED;

2. Plaintiff's motion for appointment of counsel to represent him at trial (ECF No. 165) is DENIED;

3. This case is referred for a mandatory settlement conference;

4. The Clerk of the Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court

who is willing to accept a limited-purpose appointment to represent plaintiff at the settlement conference;

5. Sujean Park or another representative from the court will be contacting the parties to coordinate a date for the settlement conference;

6. The parties shall exchange trial exhibits at least thirty days before the first day of trial;

7. Motions in limine must be filed fourteen days prior to the first day of trial. Responses are due seven days after filing of the motion;

8. The parties are directed to Local Rule 162.1(a) and Local Rule 163(a) for procedures regarding proposed voir dire and proposed jury instructions, respectively. The parties shall file proposed voir dire and proposed jury instructions, if any, no less than fourteen days before the date set for trial; and

9. Jury trial is set for April 15, 2024, at 9:00 a.m. in Courtroom 26 before Magistrate Judge Allison Claire. Trial is anticipated to last three to four days.

DATED: February 15, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3